UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

BARRY R. BEKKEDAM,

    Defendant.

No. 2:14-cv-02488 NIQA

**Jury Trial Demanded**

## ANSWER OF BARRY R. BEKKEDAM

Defendant, Barry R. Bekkedam ("Mr. Bekkedam"), through his undersigned counsel, for his Answer to the Complaint dated April 30, 2014 (the "Complaint") filed by Plaintiff, Securities and Exchange Commission (the "Commission"), states as follows:

1. Mr. Bekkedam denies the allegations of paragraph 1.

2. Mr. Bekkedam lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 2, and, accordingly, denies the allegations of paragraph 2.

3. Mr. Bekkedam denies the allegations of paragraph 3.

4. Mr. Bekkedam denies the allegations of paragraph 4.

5. Mr. Bekkedam denies that the allegations of paragraph 5 completely and accurately characterize and reflect the contents of the partially quoted email, and accordingly denies the allegations.

6. Mr. Bekkedam denies the allegations of paragraph 6, except admits that Levin agreed to help Mr. Bekkedam restructure $10 million of his personal debts and to invest up to $5 million in Ballamor.

7. Mr. Bekkedam lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 7, and, accordingly, denies the allegations of paragraph 7.

8. Mr. Bekkedam denies the allegations of paragraph 8.

9. Paragraph 9 states legal conclusions as to which no response is required; to the extent that any further response is needed, Mr. Bekkedam denies the allegations of paragraph 9.

10. Paragraph 10 states legal conclusions as to which no response is required; to the extent that any further response is needed, Mr. Bekkedam denies the allegations of paragraph 10.

11. Paragraph 11 states legal conclusions as to which no response is required; to the extent that any further response is needed, Mr. Bekkedam denies the allegations of paragraph 11.

12. Mr. Bekkedam admits the allegations of paragraph 12, except that he denies he owned 100% of the company for the entire period stated.

13. Mr. Bekkedam admits the allegations of the first sentence of paragraph 13, but Mr. Bekkedam denies the allegations of the second sentence.

14. Mr. Bekkedam admits the allegations of paragraph 14.

15. Mr. Bekkedam lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 15, and, accordingly, denies the allegations of paragraph 15.

16. Mr. Bekkedam lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 16, and, accordingly, denies the allegations of paragraph 16.

17. Mr. Bekkedam admits the allegations in the first sentence of paragraph 17.  Mr. Bekkedam lacks knowledge or information sufficient to form a belief as to the remainder of paragraph 17, and, accordingly, denies those allegations.

18. Mr. Bekkedam lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 18, and, accordingly, denies the allegations of paragraph 18.

19. Mr. Bekkedam admits the allegations in the first and second sentence of paragraph 19, but Mr. Bekkedam denies the allegations of the last sentence.

20. Mr. Bekkedam admits the allegations of paragraph 20.

21. Mr. Bekkedam denies the allegations of the first sentence of paragraph 21. Mr. Bekkedam admits the allegations of the second and third sentences.

22. Mr. Bekkedam admits the allegations in the first sentence of paragraph 22. Mr. Bekkedam denies the remaining allegations, except Mr. Bekkedam admits he traveled frequently as part of his business duties.

23. Mr. Bekkedam denies the allegations of paragraph 23.

24. Mr. Bekkedam lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 24, and, accordingly, denies the allegations of paragraph 24.

25. Mr. Bekkedam lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 25, and, accordingly, denies the allegations of paragraph 25.

26. Mr. Bekkedam lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 26, and, accordingly, denies the allegations of paragraph 26.

27. Mr. Bekkedam admits the allegations of the first, second, third, and fifth sentences of paragraph 27. Mr. Bekkedam denies the allegations of the fourth sentence of paragraph 27.

28. Mr. Bekkedam lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 28, and, accordingly, denies the allegations of paragraph 28.

29. Mr. Bekkedam lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 29, and, accordingly, denies the allegations of paragraph 29.

30. Mr. Bekkedam lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 30, and, accordingly, denies the allegations of paragraph 30.

31. Mr. Bekkedam lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 31, and, accordingly, denies the allegations of paragraph 31.

32. Mr. Bekkedam lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 32, and, accordingly, denies the allegations of paragraph 32.

33. Mr. Bekkedam lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 33, and, accordingly, denies the allegations of paragraph 33.

34. Mr. Bekkedam lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 34, and, accordingly, denies the allegations of paragraph 34.

35. Mr. Bekkedam lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 35, and, accordingly, denies the allegations of paragraph 35.

36. Mr. Bekkedam lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 36, and, accordingly, denies the allegations of paragraph 36.

37. Mr. Bekkedam lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 37, and, accordingly, denies the allegations of paragraph 37.

38. Mr. Bekkedam lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 38, and, accordingly, denies the allegations of paragraph 38.

39. Mr. Bekkedam lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 39, and, accordingly, denies the allegations of paragraph 39.

40. Mr. Bekkedam denies the allegations of paragraph 40.

41. Mr. Bekkedam denies the allegations of the first sentence of paragraph 41.  Mr. Bekkedam admits the allegations of the second sentence of paragraph 41.

42. Mr. Bekkedam admits the allegations of paragraph 42.

43. Paragraph 43 purports to quote from and to characterize the PPM, which document speaks for itself. Mr. Bekkedam respectfully refers the Court to the document for a complete and accurate statement of its content.

44. Paragraph 44 purports to quote from and to characterize the PPM, which document speaks for itself. Mr. Bekkedam respectfully refers the Court to the document for a complete and accurate statement of its content.

45. Paragraph 45 purports to characterize the LPA, which document speaks for itself. Mr. Bekkedam respectfully refers the Court to the document for a complete and accurate statement of its content.

46. Paragraph 46 purports to characterize the LPA, which document speaks for itself. Mr. Bekkedam respectfully refers the Court to the document for a complete and accurate statement of its content.

47. Paragraph 47 purports to characterize the LPA, which document speaks for itself. Mr. Bekkedam respectfully refers the Court to the document for a complete and accurate statement of its content.

48. Paragraph 48 purports to characterize the LPA, which document speaks for itself. Mr. Bekkedam respectfully refers the Court to the document for a complete and accurate statement of its content.

49. Paragraph 49 purports to characterize the LPA, which document speaks for itself. Mr. Bekkedam respectfully refers the Court to the document for a complete and accurate statement of its content.

50. Mr. Bekkedam denies the allegations of paragraph 50.

51. Mr. Bekkedam denies the allegations of paragraph 51.

52. Mr. Bekkedam denies the allegations of paragraph 52.

53. Mr. Bekkedam lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 53, and, accordingly, denies the allegations of paragraph 53.

54. Mr. Bekkedam denies that the allegations of paragraph 54 completely and accurately characterize and reflect the contents of the partially quoted emails, and, accordingly, denies the allegations.

55. Mr. Bekkedam denies that the allegations of paragraph 55 completely and accurately characterize and reflect the contents of the partially quoted email, and accordingly denies the allegations except Mr. Bekkedam lacks knowledge or information sufficient to form a belief as to the allegations in the last sentence of paragraph 55, and, accordingly, denies those allegations.

56. Mr. Bekkedam denies the allegations of paragraph 56.

57. Mr. Bekkedam denies the allegations of paragraph 57.

58. Mr. Bekkedam denies that the allegations of paragraph 58 completely and accurately characterize and reflect the contents of the partially quoted email, and, accordingly, denies the allegations.

59. Mr. Bekkedam denies that the allegations of paragraph 59 completely and accurately characterize and reflect the contents of the partially quoted email, and, accordingly, denies the allegations.

60. Mr. Bekkedam lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 60, and, accordingly, denies the allegations of paragraph 60.

61. Mr. Bekkedam denies the allegations of paragraph 61.

62. Mr. Bekkedam denies that the allegations of paragraph 62 completely and accurately characterize and reflect the contents of the partially quoted email, and, accordingly, denies the allegations.

63. Mr. Bekkedam denies that the allegations of paragraph 63 completely and accurately characterize and reflect the contents of the partially quoted email, and, accordingly, denies the allegations.

64. Mr. Bekkedam denies that the allegations of paragraph 64 completely and accurately characterize and reflect the contents of the partially quoted email, and, accordingly, denies the allegations.

65. Mr. Bekkedam denies that the allegations of paragraph 65 completely and accurately characterize and reflect the contents of the partially quoted email, and, accordingly, denies the allegations.

66. Mr. Bekkedam denies that the allegations of paragraph 66 completely and accurately characterize and reflect the contents of the partially quoted email, and, accordingly, denies the allegations.

67. Mr. Bekkedam denies the allegations of paragraph 67.

68. Mr. Bekkedam denies the allegations of paragraph 68.

69. Mr. Bekkedam lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 69, and, accordingly, denies the allegations of paragraph 69.

70. Mr. Bekkedam lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 70, and, accordingly, denies the allegations of paragraph 70.

71. Mr. Bekkedam lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 71, and, accordingly, denies the allegations of paragraph 71.

72. Mr. Bekkedam lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 72, and, accordingly, denies the allegations of paragraph 72.

73. Mr. Bekkedam denies the allegations of paragraph 73.

74. Mr. Bekkedam denies the allegations of paragraph 74.

75. Mr. Bekkedam denies the allegations of paragraph 75.

76. Paragraph 76 purports to quote from and to characterize the PPM, which document speaks for itself.  Mr. Bekkedam respectfully refers the Court to the document for a complete and accurate statement of its content.

77. Mr. Bekkedam denies the allegations of paragraph 77.

78. Mr. Bekkedam denies the allegations of paragraph 78 completely and accurately characterize and reflect the contents of the partially quoted email, and, accordingly, denies the allegations.

79. Mr. Bekkedam denies that the allegations of paragraph 79 completely and accurately characterize and reflect the contents of the partially quoted email, and, accordingly, denies the allegations.

80. Mr. Bekkedam denies the allegations of paragraph 80.

81. Mr. Bekkedam denies the allegations of paragraph 81.

82. Mr. Bekkedam denies the allegations of paragraph 82.

83. Mr. Bekkedam denies the allegations of the first sentence of paragraph 83.  Mr. Bekkedam admits the allegations of the second sentence of paragraph 83.

84. Mr. Bekkedam admits the allegations of paragraph 84.

85. Mr. Bekkedam denies the first two clauses of paragraph 85 but admits he asked Levin to help him restructure his personal and business debt.

86. Mr. Bekkedam admits the allegations of paragraph 86.

87. Mr. Bekkedam admits the first sentence of paragraph 87.  The second sentence of paragraph 87 purports to characterize a promissory note, which document speaks for itself.  Mr. Bekkedam respectfully refers the Court to the document for a complete and accurate statement of its content.

88. Paragraph 88 purports to characterize a securities purchase agreement, which document speaks for itself.  Mr. Bekkedam respectfully refers the Court to the document for a complete and accurate statement of its content.

89. Mr. Bekkedam denies that the allegations of paragraph 89 completely and accurately characterize and reflect the contents of the partially quoted email, and accordingly denies those allegations.  Mr. Bekkedam admits the allegations of second sentence of paragraph 89.

90. Mr. Bekkedam denies the first clause of paragraph 90 but admits that he served as Chairman of the Board of NOVA Financial Holdings, Inc., until he resigned in 2007.

91. Mr. Bekkedam denies the first, second, and fourth sentences of paragraph 91.  Mr. Bekkedam lacks knowledge or information sufficient to form a belief as to the allegations of the third sentence of paragraph 91, and, accordingly, denies those allegations.

92. Mr. Bekkedam lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 92, and, accordingly, denies the allegations of paragraph 92.

93. Mr. Bekkedam lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 93, and, accordingly, denies the allegations of paragraph 93.

94. Mr. Bekkedam denies the allegations of the first two sentences of paragraph 94.  Mr. Bekkedam lacks knowledge or information sufficient to form a belief as to the allegations of

the third sentence of paragraph 94, and, accordingly, denies those allegations.  Mr. Bekkedam admits the allegations of the fourth sentence.

95. Mr. Bekkedam lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 95, and, accordingly, denies the allegations of paragraph 95.

96. Mr. Bekkedam denies the introductory clauses of paragraph 96, and Mr. Bekkedam lacks knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 96, and, accordingly, denies those allegations.

97. Mr. Bekkedam denies that the allegations of paragraph 97 completely and accurately characterize and reflect the contents of the partially quoted email, and, accordingly, denies the allegations.

98. Mr. Bekkedam denies that the allegations of paragraph 98 completely and accurately characterize and reflect the contents of the partially quoted email, and, accordingly, denies the allegations.

99. Mr. Bekkedam denies that the allegations of paragraph 99 completely and accurately characterize and reflect the contents of the partially quoted email, and, accordingly, denies the allegations.

100. Mr. Bekkedam denies the allegations of paragraph 100.

101. Paragraph 101 states legal conclusions as to which no response is required; to the extent that any further response is needed, Mr. Bekkedam denies the allegations of paragraph 101.

102. Paragraph 102 states legal conclusions as to which no response is required; to the extent that any further response is needed, Mr. Bekkedam denies the allegations of paragraph 102.

103. Mr. Bekkedam denies the allegations of paragraph 103.

104. Mr. Bekkedam denies the allegations of paragraph 104.

105. Mr. Bekkedam denies the allegations of paragraph 105.

106. Mr. Bekkedam denies the allegations of paragraph 106.

107. Mr. Bekkedam denies the allegations of paragraph 107.

108. Mr. Bekkedam denies the allegations of paragraph 108.

109. Mr. Bekkedam denies the allegations of paragraph 109.

110. Mr. Bekkedam denies the allegations of paragraph 110.

111. Mr. Bekkedam denies the allegations of paragraph 111.

112. Mr. Bekkedam denies the allegations of paragraph 112.

113. Mr. Bekkedam denies the allegations of paragraph 113.

114. Mr. Bekkedam denies the allegations of paragraph 114.

115. Mr. Bekkedam denies the allegations of paragraph 115.

116. Mr. Bekkedam repeats and incorporates by reference his responses to paragraph 1-116 as if fully set forth here.

117. Mr. Bekkedam denies the allegations of paragraph 117.

118. Paragraph 118 states legal conclusions as to which no response is required; to the extent that any further response is needed, Mr. Bekkedam denies the allegations of paragraph 118.

119. Mr. Bekkedam repeats and incorporates by reference his responses to paragraph 1-118 as if fully set forth here.

120. Mr. Bekkedam denies the allegations of paragraph 120.

121. Paragraph 121 states legal conclusions as to which no response is required; to the extent that any further response is needed, Mr. Bekkedam denies the allegations of paragraph 121.

122. Mr. Bekkedam repeats and incorporates by reference his responses to paragraph 1-121 as if fully set forth here.

123. Mr. Bekkedam denies the allegations of paragraph 123.

124. Paragraph 124 states legal conclusions as to which no response is required; to the extent that any further response is needed, Mr. Bekkedam denies the allegations of paragraph 124.

## COMMISSION'S PRAYER FOR RELIEF

To the extent that any response is required to the Commission's prayer for relief, Mr. Bekkedam denies each and every allegation contained therein.

## JURY DEMAND

Mr. Bekkedam demands a trial by jury on all triable issues.

## RESERVATION OF RIGHT

Mr. Bekkedam reserves the right to amend his Answer as necessary once the precise nature of the relevant circumstances and allegations is determined through discovery.

## MR. BEKKEDAM'S PRAYER FOR RELIEF

WHEREFORE, Mr. Bekkedam respectfully requests that the Court enter an order:

1. Entering judgment in favor of Mr. Bekkedam on all claims for relief.

2. Dismissing the Complaint with prejudice.

3. Granting such other and further relief as the Court deems just and proper.

## **AFFIRMATIVE DEFENSES**

Mr. Bekkedam asserts the following defenses without assuming the burden of proof or any other burden if such burdens would otherwise be on the Commission:

### First Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

The Complaint fails to plead fraud with particularity.

### Third Defense

The Complaint fails to allege the existence of any material misstatement or omission.

### Fourth Defense

Mr. Bekkedam did not have a duty to disclose any allegedly omitted information.

### Fifth Defense

The Complaint fails to allege that Mr. Bekkedam acted with the requisite scienter or mental state that is necessary under the circumstances for him to be held liable.

### Sixth Defense

The purported claims against Mr. Bekkedam and the allegations upon which they are based are improperly vague, ambiguous, and confusing, and omit critical facts.

### Seventh Defense

Mr. Bekkedam cannot be held liable for any misrepresentations or omissions that he did not make.

### Eighth Defense

The purported claims against Mr. Bekkedam are based solely on alleged actions and omissions concerning information known to other Ballamor employees working in its business,

including in Legal and Compliance, and others involved in the process to ensure adequate legal review and disclosure of material information, and Mr. Bekkedam cannot be held liable for any alleged failings of that process or the failings of others.

## Ninth Defense

The Commission's claims are barred, in whole or in part, because Mr. Bekkedam acted in good faith at all material times and in conformity with all applicable federal statutes, including the Securities Act, Exchange Act, the Advisers Act and all applicable rules and regulations promulgated thereunder.

## Tenth Defense

The Commission's claim for injunctive relief is barred because, *inter alia*, no violation of the Securities Act, the Exchange Act, or the Advisers Act has occurred and because no reasonable likelihood exists that any violation will be repeated. The Commission's injunctive relief claim is further barred because the adverse effects of an injunction far outweigh any benefit from an injunction.

## Eleventh Defense

The Commission's claim for penalties is barred because, *inter alia*, any alleged violation was isolated and/or unintentional.

## Twelfth Defense

The Commission's claim for disgorgement is barred because, *inter alia*, Mr. Bekkedam never received any ill-gotten profits or direct economic gains as a result of any of the actions alleged in the Complaint.

<u>Thirteenth Defense</u>

The Commission is precluded from pursuing a claim for civil penalties pursuant to Section 20(d) of the Securities Act, Sections 21(d)(3) of the Exchange Act, and Section 209(e) of the Advisers Act because those penalties are not available for the conduct charged in the Complaint.

<u>Fourteenth Defense</u>

Mr. Bekkedam lacks knowledge or information at this time sufficient to form a belief as to whether he may have additional and as yet unstated defenses.  Mr. Bekkedam reserves the right to assert additional defenses.

Respectfully submitted,

July 1, 2014

<u>/s/ Ellen C. Brotman</u>
Ellen C. Brotman
Pa. ID 71775
Montgomery McCracken Walker & Rhoads LLP
123 South Broad Street
Philadelphia, PA  19109
215.772.1500
Fax 215.772.7620
ebrotman@mmwr.com

Of Counsel:

Jacob S. Frenkel, Esquire
Russell D. Duncan, Esquire
Shulman Rogers Gandal Pordy Ecker
12505 Park Potomac Avenue
6th Floor
Potomac, Maryland 20854
301.230.5200
Fax 301.230.2891

**CERTIFICATE OF SERVICE**

I hereby certify that on this date the foregoing Answer was sent by electronic filing to:

Christopher Reynolds Kelly
U.S. Securities & Exchange Commission
Philadelphia Regional Office
1617 JFK Boulevard, Suite 520
Philadelphia, PA 19103
Email: KellyCR@sec.gov

Kelly L. Gibson
U.S. Securities & Exchange Commission
Philadelphia Regional Office
1617 JFK Boulevard, Suite 520
Philadelphia, PA 19103
Email: gibsonk@sec.gov

July 1, 2014

/s/ Ellen C. Brotman
Ellen C. Brotman
Pa. ID 71775
Montgomery McCracken Walker & Rhoads LLP
123 South Broad Street
Philadelphia, PA 19109
215.772.1500
Fax 215.772.7620
ebrotman@mmwr.com