# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 14-2488 |
| BARRY R. BEKKEDAM, | : |
| Defendant. | : |

## ORDER

And now, this ___ day of April 2015, upon consideration of the government's Motion to Intervene and Stay Proceedings, it is hereby

ORDERED

that the government's motion is GRANTED, and accordingly:

1. The United States is permitted to intervene in the captioned case.

2. The captioned civil action is stayed pending the resolution of the criminal action in this district: *United States v. Brian Hartline and Barry Bekkedam*, Criminal No. 14-548.

BY THE COURT:

_____
HONORABLE Nitza I. Quiñones Alejandro
*Judge, United States District Court*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 14-2488 |
| BARRY R. BEKKEDAM, | : | |
| Defendant. | : | |

### APPLICATION OF THE UNITED STATES
### TO INTERVENE AND STAY PROCEEDINGS

Comes now, the United States of America, through its attorneys Zane David Memeger, United States Attorney for the Eastern District of Pennsylvania, and David J. Ignall, Assistant United States Attorney for the district, and states as follows in support of its application to intervene in this matter pursuant to Rule 24 of the Federal Rules of Civil Procedure and to stay discovery pending the resolution of a parallel criminal case. In support of this motion the government states as follows:

1. On October 2, 2014, an indictment was returned against defendant Barry Bekkedam charging him with conspiracy to defraud the United States in violation of 18 U.S.C. § 371, Troubled Asset Relief Program Fraud in violation of 18 U.S.C. § 1031, making false statements to the federal government in violation of 18 U.S.C. § 1001, wire fraud in violation of 18 U.S.C. § 1343, and bank fraud in violation of 18 U.S.C. § 1344. The criminal case, which was unsealed on January 16, 2015, is docketed in this district as <u>United States v. Hartline and Bekkedam</u>, Crim. No. 14-548. A trial date has been set for November 2, 2015.

2. In this civil action, the Securities and Exchange Commission ("SEC") alleges that from April to October 2009, defendant Bekkedam fraudulently induced clients of his investment

advisory firm, Ballamor Capital Management, and others to invest in a fund that purportedly purchased lawsuit settlements from Scott Rothstein. The settlements did not exist, and Rothstein was later convicted of running a Ponzi scheme.

3. According to the SEC complaint, Bekkedam and George Levin, a Florida businessman who had already invested millions of dollars with Rothstein, formed partnerships that would invest with Rothstein. Bekkedam then solicited his Ballamor clients to invest in these partnerships. The SEC alleges that Bekkedam misled investors about the due diligence that he had done regarding the soundness of the Rothstein investments. The SEC also alleges that Bekkedam failed to disclose to his investors the numerous financial dealings Bekkedam had with Levin, including Levin's investment of $5 million in a bank that Bekkedam controlled, Nova Bank.

4. In the criminal case, the indictment alleges that from May 2009 to January 2010, Bekkedam and his co-defendant Brian Hartline, then president and CEO of Nova Bank, engaged in a scheme to defraud the United States Treasury by making Nova Bank appear to bank regulators to be more financially sound than it was, so that the bank could qualify for Treasury assistance. According to the indictment, one way that the defendants deceived bank regulators about the soundness of the Bank was by orchestrating a $5 million unsecured loan from Nova Bank to Levin, which Levin immediately returned to the Bank as a purported "investment." To carry out this scheme, Bekkedam and Hartline hid the true nature of the transaction from bank regulators.

5. The indictment further alleges that Hartline later fabricated a document related to the purpose of the Levin loan and provided this fabricated document to Nova Bank's attorney.

6. The facts underlying the civil and criminal cases overlap in critical ways. In the civil case, Levin's relationship with Bekkedam, and his purported investment in Nova Bank, are facts that Bekkedam failed to disclose to investors. Likewise, Bekkedam's relationship with Levin, and Bekkedam's orchestration of a loan from Nova Bank to fund Levin's bogus investment in the bank, are at the heart of the criminal indictment. Indeed, the allegations of paragraphs 10 and 11 of the indictment are nearly identical to paragraphs 90 to 94 of the civil complaint.

7. Many of the witnesses in this civil action will also be witnesses in the criminal case. George Levin and his business manager are likely to be witnesses in each case. At the same time that Bekkedam was soliciting Ballamor clients for the Levin partnerships, he also sought to get those clients to invest in Nova Bank by making representations about the financial condition of the Bank. Thus, some of the Ballamor clients will be witnesses in both cases. Likewise, employees of Ballamor familiar with Levin and Nova Bank could be witnesses in both cases.

8. This Court has the discretionary authority to stay a case if the interests of justice so require. See United States v. Kordel, 397 U.S. 1, 12 n. 27 (1970). In United States v. Mellon Bank, N.A., 545 F.2d 869, 872-73 (3d Cir. 1976), the Third Circuit upheld a stay sought by the United States in a civil action that the United States had commenced where the United States had also commenced a criminal action in the Southern District of New York that "involved 'substantial matters of the same nature.'" Id. at 873. In Mellon Bank, the IRS had entered a jeopardy assessment against Meissner who had a safe deposit box at Mellon Bank. The United States petitioned the district court for an order opening the box and seizing its contents. Meissner intervened in the United States' civil seizure proceeding. After the United States indicted

Meissner in the Southern District for tax evasion, he sought wide-ranging discovery in the United States' civil seizure action relating to the United States' criminal case against him. The United States then moved to stay its own seizure proceeding. The Third Circuit upheld the district court's order staying the case and stated:

> it might well have been that resolution of the criminal case would moot, clarify, or otherwise affect the various contentions in the civil case. Furthermore, the similarity of the issues left open the possibility that Meissner might improperly exploit civil discovery for the advancement of his criminal case.

Id. at 873 (citations omitted).

9. The government believes that permitting the civil discovery process to move forward in this case will interfere with the integrity of the criminal process and possibly have an improper impact on the success of the criminal prosecution. See, e.g., S.E.C. v. Nicholas, 569 F. Supp. 2d 1065, 1071-72 (C.D. Cal. 2008) (noting that a stay of a civil SEC proceeding is appropriate to maintain the integrity of the criminal discovery mechanisms, which are "designed to protect the integrity and truth-seeking function of the criminal process"). Indeed, Bekkedam already appears to be using the civil case as a vehicle to obtain discovery in the criminal case by means not authorized by the Rules of Criminal Procedure. His attorneys have issued subpoenas to KPMG, the auditor for Nova Bank that raised concerns about the Levin loan, and David Swartz, a lawyer who, as referenced in the indictment, represented Nova Bank and received a fabricated document from Hartline regarding the purpose of the Levin loan. The KPMG subpoena seeks all documents regarding Nova Bank from 2008 to 2011, and specifically asks for all communications with Hartline and Edward DiMarcantonio, former chairman of Nova Bank and a likely witness in the criminal case. The subpoena to Swartz, a likely witness in the criminal case, seeks documents relating to the loan to Levin and also seeks "Any and all notes

4

retained by you from your interview with the Assistant U.S. Attorney's Office regarding NOVA Bank and George Levin." Neither KPMG nor Swartz appear in the civil complaint. Thus, the government respectfully requests that this proceeding be stayed to prevent circumvention of the Rules of Criminal Procedure and to preserve the integrity of the criminal case.

10. The Securities and Exchange Commission has indicated that it has no objection to the government's motion. Defendant Barry Bekkedam's counsel indicated that the defendant objects to this motion. It is the government's position that the defendant will not be prejudiced by the relatively short delay sought by the government here.

Wherefore, the United States respectfully requests to move to intervene and for an order staying this proceeding pending resolution of the criminal case.

Respectfully submitted,

ZANE DAVID MEMEGER
United States Attorney

*/s/ David J. Ignall*
DAVID J. IGNALL
Assistant United States Attorney

CERTIFICATE OF SERVICE

I hereby certify that I have the following by electronic filing and email:

        Christopher R. Kelly
        Securities and Exchange Commission
        e-mail to: Kellycr@sec.gov

        Russell D. Duncan, Esquire
        Shulman, Rogers, Gandal, Pordy & Ecker, P.A.
        12505 Park Potomac Avenue, 6th Floor
        Potomac, MD   20854
        e-mail to: rduncan@shulmanrogers.com

        */s/ David J. Ignall*
        David J. Ignall
        Assistant United States Attorney

Dated: April 9, 2015