# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br>Plaintiff,<br><br>v.<br><br>BARRY R. BEKKEDAM,<br>Defendant. | Civil Action No. 2:14-cv-02488-NIQA<br><br>ORAL ARGUMENT REQUESTED |

## DEFENDANT BEKKEDAM'S OPPOSITION TO THE APPLICATION OF THE UNITED STATES TO INTERVENE AND STAY PROCEEDINGS

Defendant Barry Bekkedam, through his attorneys, opposes the Application of the United States to Intervene and Stay Proceedings. In support of this opposition Mr. Bekkedam relies on the following points and authorities and any that may be submitted at any hearing.

## FACTS

On April 30, 2014, the Securities and Exchange Commission filed this civil complaint against Mr. Bekkedam, essentially alleging that he had failed to conduct sufficient due diligence regarding an investment he recommended to his clients and failed to adequately disclose his financial relationship with the general partner of the investment. This civil lawsuit followed a multi-year investigation during which the SEC subpoenaed hundreds of thousands of documents, took testimony from numerous witnesses at proceedings that Mr. Bekkedam had neither a right of confrontation nor cross-examination, and interviewed an unknown number of other witnesses. Mr. Bekkedam has denied the SEC's allegations, and the parties are presently conducting discovery in this matter.

On January 16, 2015, the United States Attorney's Office for the Eastern District of Pennsylvania (the "USAO") unsealed an indictment against Mr. Bekkedam and Brian Hartline, the former president of NOVA Bank, alleging that they had conspired to conceal the Bank's financial condition from United States Treasury officials and attempted to defraud the TARP program.[1] Throughout its investigation, the USAO had access to the documents subpoenaed by the SEC and the testimony taken by the SEC. *See e.g.*, Letters from SEC Counsel to AUSA David Axelrod, attached as Exhibit A. Mr. Bekkedam has pled not guilty and will fully defend himself at trial. Almost a year after the SEC filed its complaint, the USAO has applied to intervene in this matter and requests that this Court stay discovery pending the outcome of the criminal trial. Mr. Bekkedam opposes the USAO's request for a stay. The USAO having used the SEC's civil investigation to its advantage now wants to prevent Mr. Bekkedam from exercising his right to discovery to defend himself.

## **ARGUMENT**

Courts have permitted the government to intervene to move to stay a civil matter only if the two matters deal with the same operative facts and legal theory. This essential factual and legal overlap is the crucial factor in ruling on a motion to stay, *S.E.C. v. Gordon*, 2009 WL 2252119 at *4. The USAO makes two claims in support of its motion. The first is unsupported by the facts; the second is unsupported by the law. These two cases have only a minimal similarity of facts and no similar legal theories.[2]

---

[1] The USAO returned the indictment, under seal, on September 30, 2014.

[2] The government cites to three cases in support of its motion to stay. (¶¶ 8, 9.) Notably, in *U.S. v. Kordel*, the civil defendant sought to stay the case. 397 U.S. 1, 4 (1970). This distinction is important because the *defendant* faced prejudice in its highest form—the potential for self-incrimination. Additionally, the government cites *U.S. v. Mellon Bank* to demonstrate that the similarity between the civil and criminal cases is reason for staying a case and that such similarity presents the possibility for exploitation of civil discovery. 545 F.2d 869, 872-73 (3d Cir. 1976); (¶ 8). However, *Mellon Bank* involved the government staying its own seizure proceeding to protect from abuse of discovery by the potential defendant intervenor, who was trying to access his safe deposit box. *Id.* at 873. The court

2

The USAO first bases its tardy decision to seek a stay of this civil litigation, almost a year after the government brought this case, on the misleading assertion that "the facts underlying the civil and criminal cases overlap in critical ways." *Application* of the United States at 3. Actually, as acknowledged by the government's own brief, only two paragraphs of a seventeen page indictment and five paragraphs of a thirty-one page complaint "overlap" in any way.

A close review of the allegations in the two matters demonstrates that they are, at best, tangentially related. The two cases differ in the alleged violations, the alleged victims, and time. First, the SEC has charged that Mr. Bekkedam violated the securities laws in two ways during his unwitting involvement as a victim in the Scott Rothstein Ponzi scheme in Florida. The SEC alleges from April 2009 through October 2009 that Mr. Bekkedam fraudulently induced his Ballamor advisory clients to invest in the Banyon Income Fund, but that he overstated the due diligence he had conducted on the Fund and failed to disclose the many financial dealings he had with George Levin, the Banyon Income Fund general partner. By contrast, the USAO has charged that from May 2009 through January 2010, Mr. Bekkedam allegedly attempted to defraud the United States Treasury by conspiring with Brian Hartline to conceal the financial problems of Hartline's NOVA Bank in Philadelphia.

The only place these two matters intersect at all relates to the investment George Levin made in NOVA Bank on June 30, 2009. Even in this one area, the legal relevance of this event

---

reasoned that the intervenor's hardship could be avoided through three distinct approaches other than by a stay. *Id.* Here, by contrast, Mr. Bekkedam has no alternatives to remedy his hardship, except for preparing his defense of this case. Most importantly, the facts and the law are different in these two cases. Lastly, the government cites to *S.E.C. v. Nicholas* for the assertion that criminal discovery is "designed to protect the integrity and truth-seeking function of the criminal process." 569 F.Supp.2d 1065, 1072 (¶9). In *Nicholas*, the court considered three factors to determine whether to grant the stay: the inextricable entwinement of the civil and criminal discovery, the volume of discovery in the civil case, and the Fifth Amendment rights of parties and witnesses. *Id.* at 1069-71. The government's motion fails to identify that any of these factors pose a problem in this case. Moreover, the government fails to describe how the civil and criminal cases at issue "cannot reasonably proceed independent of each other." *Id.* at 1070. The government fails to address this argument because it cannot. The civil and criminal cases Mr. Bekkedam is a party to reasonably can proceed independent of each other, and Mr. Bekkedam has and will continue to respect the integrity of both the civil and criminal discovery process.

differs completely for each matter.[3] Levin's investment was just one of the four financial dealings that the SEC alleges Mr. Bekkedam did not disclose. The Commission asserts that Mr. Bekkedam should have disclosed this and other "business dealings" with Levin before recommending his clients invest in the Banyon Fund.

The legal significance of the Levin investment to the indictment is quite different. The USAO alleges that this was one of three separate investments into NOVA Bank made by three different individuals over six months. The indictment alleges that Mr. Hartline concealed from Treasury officials that all three individuals received loans from NOVA Bank prior to making their investments. The USAO does not allege that Mr. Bekkedam had any communications with Treasury officials but rather that Mr. Hartline should have disclosed to Treasury officials that NOVA Bank had made a loan to Levin. Thus, these two cases have little factual similarity and no legal overlap.

The USAO next asserts that it "believes" that civil discovery will interfere with the "integrity" of its prosecution and "possibly" affect the "success" of its case. *Application* at 4. However, District Courts have regularly rejected such broad claims of possible prejudice to the government arising from discovery relating to the criminal case as insufficient to support a stay, even in cases where the civil and criminal cases arise from the exact same set of facts. *See S.E.C. v. Mazzo*, 2013 WL 812503 at *2 (C.D. California); *S.E.C. v. Fraser*, 2009 WL 1531854 (D. Arizona); *S.E.C. v. Saad*, 229 F.R.D. 90 (SDNY 2005). As these courts have recognized the only "prejudice" the government can claim is that allowing civil discovery to proceed "will result in criminal defendants having more information than they would otherwise be entitled to at this stage under the Federal Rules of Criminal Procedure. The loss of the government's usual tactical

---

[3] It is undisputed that Levin purchased the NOVA Bank stock.

advantage is insufficient to justify enjoining the [civil] proceedings." *United States v. FINRA*, 607 F. Supp. 2, 391, 394 (EDNY 2009).

As that Court stated:

> [T]o the extent that the defendants' discovery requests simply result in the happenstance that in defending themselves against the serious civil charges that another government agency has chosen to file against them they obtain certain ordinary discovery that will also be helpful in the defense of their criminal case, there is no cognizable harm to the government in providing such discovery beyond its desire to maintain a tactical advantage. *Id.*

This is even more appropriate in this matter where the facts barely overlap.

The USAO's claim of "prejudice" is further undercut by its own inaction and the facts related to the specific civil discovery on which it has focused. Mr. Bekkedam issued a discovery subpoena to David Swartz, outside counsel to NOVA Bank, on October 13, 2014, six months before the USAO raised any objection but already after it had returned the indictment. Clearly, if the issuance of this subpoena challenged the "integrity" of the criminal process, the USAO should not have waited six months to object. Moreover, the USAO fails to reveal to the Court that the SEC identified Mr. Swartz on its Rule 26(f) disclosure to Mr. Bekkedam as a witness who may have relevant evidence it "may use to support its claims in this action." See SEC Rule 26(f) disclosures attached hereto as Exhibit B.

Similarly, Mr. Bekkedam's attorneys issued a subpoena to KPMG on January 30, 2015, months before the USAO made any objection and after the USAO had unsealed the indictment. Mr. Bekkedam's attorneys sought these documents from KPMG after the SEC produced to Mr. Bekkedam in response to his civil discovery request other documents that related to KPMG and

5

NOVA.[4] The USAO has presented no basis for its assertion that Mr. Bekkedam's transparent discovery requests will somehow subvert the integrity of the criminal proceedings.

The SEC's complaint alleging violation of Mr. Bekkedam's fiduciary duty to his clients has significantly affected his ability to work in the financial industry. Through his attorneys, he has been defending himself against these charges for almost a year. As Courts have stated in denying USAO requests for stays in SEC cases where, unlike here, the indictment alleges the same facts as the SEC complaint, civil defendants have a significant interest in resolving such issues as soon as possible. See *SEC v. Fraser*, 2009 WL 1531854 at *4, *supra*. These Courts have recognized that such defendants "are not just facing criminal indictment; they are also facing a very serious SEC civil action, and they are fully entitled to the timely discovery that federal law grants them in defending such an action." *SEC v. Saad*, 229 F.R.D. 90, 92, *supra*. Here, where resolution of the criminal matter will have no effect on resolution of the civil matter, Mr. Bekkedam requests that he be permitted to continue to defend himself against the SEC's allegations.

---

[4] Notably, the USAO did not state that it intended to ask any KPMG employees to testify, although it does make that claim for Mr. Swartz. Also, the USAO recently has produced to Mr. Bekkedam similar KPMG documents.

## CONCLUSION

WHEREFORE, Mr. Bekkedam respectfully requests a hearing on this opposition and that this Court deny the application of the United States to stay discovery.

Respectfully submitted,

*Russell D. Duncan*

Russell D. Duncan, Esquire
Shulman Rogers Gandal Pordy Ecker, P.A.
6th Floor
12505 Park Potomac Avenue
Potomac, Maryland 20854
Tel: (301) 945-9247
Fax: (301) 230-2891
rduncan@shulmanrogers.com
*Attorney for Barry R. Bekkedam*

Michael Engle, Esquire
Greenblatt, Pierce, Engle, Funt & Flores, LLC
123 South Broad Street, Suite 2500
Philadelphia, PA 19109
Tel: 215.985.4275
Fax: 888.495.7377
m.engle@gpeff.com

# CERTIFICATE OF SERVICE

I hereby certify that I have caused the following to be served by electronic filing and email on:

>Christopher R. Kelly
>Securities and Exchange Commission
>Email to: Kellycr@sec.gov

>David J. Ignall
>Assistant United States Attorney
>Email to: David.J.Ignall@usdoj.gov

_____
Russell D. Duncan

Date: April 23, 2015