IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION | : | CIVIL ACTION |
| *Plaintiff* | : | NO. 14-2488 |
| v. | : | |
| BARRY R. BEKKEDAM | : | |
| *Defendant* | : | |

# ORDER

**AND NOW**, this 7th day of May 2015, upon consideration of the *application of the United States to intervene and stay proceedings* filed by the United States Attorney for the Eastern District of Pennsylvania ("Government"), [ECF 19], Defendant Barry R. Bekkedam's ("Defendant") response in opposition, [ECF 22], and Plaintiff Securities and Exchange Commission's ("SEC") response acquiescing to the application, [ECF 21], it is hereby **ORDERED** that the application to intervene and stay proceedings is **GRANTED**, and the United States is permitted to intervene in this matter; and the Clerk of Court is directed to stay this matter and place it in civil suspense pending resolution of the criminal action captioned, *United States v. Brian Hartline and Barry Bekkedam*, CRIM. A. 14-548.[1] The Government is directed to alert this Court when the criminal matter is resolved.

---

[1] On April 30, 2014, the SEC filed a complaint against Defendant, the founder, Chairman, CEO, and owner of Ballamor Capital Management, LLC ("Ballamor"), an investment advisory firm, averring, *inter alia*, that Defendant violated federal securities laws when he fraudulently induced, or assisted in inducing clients and others, to invest approximately $100 million in a fund that purportedly purchased lawsuit settlements from Scott Rothstein ("Rothstein"), a convicted Ponzi-schemer. [ECF 1]. Pursuant to an amended Scheduling Order, fact discovery in this matter is to be completed by August 7, 2015. [ECF 15].

On October 2, 2014, a seven-count indictment was filed against Defendant and Brian M. Hartline, President and CEO of NOVA Bank, a Pennsylvania state-chartered savings bank. The indictment reveals that Ballamor clients owned a large portion of NOVA stocks, and essentially charges the defendants with conspiracy to defraud the United States, making false statements, wire fraud, bank fraud, and aiding and abetting. Trial is scheduled for November 2, 2015.

Instantly, the Government seeks to intervene and have the SEC civil action stayed pending the resolution of the criminal action. The Government contends that the facts underlying both the civil and criminal cases have common questions of fact, and that permitting continued civil discovery will interfere with the integrity of the criminal process and possibly have an improper impact on the criminal prosecution. As noted, Plaintiff SEC does not object to this application.

Federal Rule of Civil Procedure ("Rule") 24 provides for *permissive intervention* by the court when an applicant "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Permissive intervention is a matter within the trial court's sound discretion. *Anthony v. City of Philadelphia*, 2001 WL 118964, at *1 (E.D. Pa. Feb. 9, 2001) (citing *Securities and Exchange Commission v. Mersky*, 1994 WL 22305, at *1 (E.D. Pa. Jan. 1994)). Further, "[i]t is well established that the

**BY THE COURT:**

_____
NITZA I. QUIÑONES ALEJANDRO, J.

---

United States Attorney may intervene in a federal civil action to seek a stay of discovery when there is a parallel criminal proceeding, which is anticipated or already underway that involves common questions of law or fact." *Id.* (citations omitted). Such is the case at hand. Thus, this Court finds that intervention is appropriate at this juncture.

Turning to the request for a stay, a court's power to *stay* an action is derived from its inherent power to "control the disposition of the causes on its docket. . . ." *First Nonprofit Ins. Co. v. Alexander*, 2009 WL 2256473, at *4 (E.D. Pa. July 27, 2009) (citing *Landis v. North American Co.*, 299 U.S. 248, 255 (1936)); *Mendez v. Puerto Rican Int'l Cos.*, 553 F.3d 709, 712 (3d Cir. 2009) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 20 n. 23 (1983)). While the ordering of an indefinite stay can constitute an abuse of discretion, *Dover v. Diguglielmo*, 181 F.App'x 234, 237 (3d Cir. 2006) (citing *Landis*, 299 U.S. at 255), a court is, nonetheless, empowered to stay proceedings pending the outcome of related proceedings. *First Nonprofit Ins. Co.*, 2009 WL 2256473, at *4 (citations omitted).

Here, Defendant opposes the Government's motion in its entirety and argues that the "facts barely overlap," have "only a minimal similarity of facts," and are, at best, "tangentially related." Defendant's arguments, however, are unpersuasive. A review of the civil action complaint and the indictment reveals that both actions involve "substantial matters of the same nature." *See United States v. Mellon Bank, N.A.*, 545 F.2d 869, 873 (3d Cir. 1976). Briefly, the SEC action involves, in *part*, allegations that Defendant misled investors regarding the level of due diligence performed to secure their investments, and withheld from them the nature of his financial dealings and various financial partnerships with George Levin ("Levin"), a Florida businessman who invested millions of dollars with Rothstein, and Defendant's conflict of interest resulting from these undisclosed relationships. One of these investments involved NOVA Bank. The criminal indictment involves, in *part*, allegations of Defendant's fraudulent financial dealings with Levin and NOVA Bank, a bank in which Defendant had been Chairman yet retained substantial control and influence in securing loans for Ballamor clients and Defendant at "very favorable terms." The indictment references a $5 million unsecured loan fraudulently made to improve the bank's ability to secure government funds through the Troubled Asset Relief Program. In both the civil and criminal actions, Defendant solicited the same clients to invest in the partnerships with Levin and in NOVA Bank. Notably, several counts of the indictment are similar to allegations in the civil action complaint. *See, e.g.*, Complaint ¶¶90-94; Indictment ¶¶10, 11. Lastly, the Government contends that many of the same client investors who will be witnesses in the SEC action will also be witnesses in the criminal proceedings.

Defendant also argues that his "transparent" discovery requests to the SEC do not subvert the integrity of the criminal proceedings. Again, Defendant's argument is unpersuasive. The policy underlying the limited scope of discovery in criminal proceedings "is rooted in concerns about possible perjury, manufacture of false evidence and intimidation of confidential informants." *Mersky*, 1994 WL 22305 at *5 (quoting Hon. Milton Pollack, *Parallel Civil and Criminal Proceedings*, 129 F.R.D. 201 (1990)). This Court cannot ignore this policy. Clearly, the Government's interest in preventing Defendant from circumventing the limited discovery available in the criminal proceeding is substantial. *Id.* at *4. Likewise, the proper focus is not upon Defendant's intent in seeking discovery, but rather, upon the effect of his obtaining discovery. *Id.* (citation omitted).

Therefore, in consideration of the significant commonality between the civil action and criminal prosecution, and the effect of this intersection upon the integrity of the pending criminal proceedings, this Court grants the Government's application to intervene and its request for a stay of this action.